{¶ 41} I concur with the majority's disposition with regard to appellant's second and third assignments of error; however, I respectfully dissent with respect to appellant's first assignment of error.
 {¶ 42} Section 3, Article IV of the Ohio Constitution confers jurisdiction on the court of appeals and provides, "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." *Page 13 
 {¶ 43} The majority cites to a litany of cases to support their assertion that this court has no jurisdiction to entertain appellant's claim. However, the cases cited are inapposite to the instant situation, since the appellants in those cases did not follow the proper procedure as outlined in R.C. 2701.031.
 {¶ 44} In the case at issue, appellant first complied with the requirements as set forth in R.C. 2701.031. Therefore, he properly invoked appellate jurisdiction, and we may review appellant's assertion that the court of common pleas erred in not recusing Judge Plough from the sentencing hearing. To find otherwise, in my opinion, is in contravention of the letter and the spirit of the constitution.
 {¶ 45} Although there appears to be no clear precedent with regard to the standard of review on this issue, I would address the first assignment of error de novo. *Page 1